WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CV-16-08131-PCT-JAT (ESW) |
| Plaintiff/Respondent, | CR-12-8135-PCT-JAT-1 |
| v. | **ORDER** |
| Harry McCabe, Sr., | |
| Defendant/Movant. | |

Pending before the Court is the Government's "Motion to Stay Further Proceedings on the Motion to Vacate Sentence" (Doc. 4). The Court has reviewed the parties' briefing (Docs. 4, 10, 11). For the reasons set forth herein, the Court will deny the Government's Motion (Doc. 4).

## I.  DISCUSSION

### A.  Background

On November 29, 2012, a jury found Movant guilty on the following four counts:
    i. Count 1: CIR-Assault with a Dangerous Weapon, a class C felony offense, in violation of 18 U.S.C. § 113(a)(3);
    ii. Count 2: CIR-Assault Resulting in Serious Bodily Injury, a class C felony offense, in violation of 18 U.S.C. § 113(a)(6); and
    iii. Counts 3 and 4: CIR-Use of a Firearm in a Crime of Violence, class A felony offenses, in violation of 18 U.S.C. § 924(c)(1)(A)(iii).

(CR-12-8135-PCT-JAT-1, Doc. 99).

On March 4, 2013, the Court sentenced Petitioner to (i) concurrent 46-month

prison terms on Counts 1 and 2 and (ii) concurrent 120-month prison terms on Counts 3 and 4. The sentences on Counts 3 and 4 are to run consecutively to the sentences on Counts 1 and 2. (*Id*. at Doc. 116).

The Ninth Circuit affirmed Movant's convictions and sentences on direct appeal, and the U.S. Supreme Court denied certiorari review. On June 22, 2016, Movant filed a "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (the "Motion to Vacate") (Doc. 1). Movant challenges the constitutionality of his convictions on Counts 3 and 4 (use of a firearm in a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(iii)).

Section 924(c) is a sentencing enhancement provision that sets forth mandatory sentences for defendants who "during and in relation to any crime of violence or drug trafficking crime . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm . . . ." The term "crime of violence" is defined as:

> an offense that is a felony and –
> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). Subsection "(A)" above is referred to herein as the "Elements Clause."[1] Subsection "(B)" above is referred to herein as the "Residual Clause."

Movant's Section 924(c) convictions are predicated on the crimes of assault with a dangerous weapon (18 U.S.C. § 113(a)(3)) and assault resulting in serious bodily injury (18 U.S.C. § 113(a)(6)). Movant contends that those crimes do not satisfy the definition of "crime of violence" under the Elements Clause. (Doc. 1 at 4, 5). Citing to *Johnson v. United States*, 135 S.Ct. 2551 (2015), Movant further contends that the Residual Clause is unconstitutionally vague and cannot be used to support his Section 924(c) convictions.

---

[1] Courts and parties also sometimes refer to subsection "A" of 18 U.S.C. § 924(c)(3) as the "force clause."

(*Id.*).

*Johnson* did not involve Section 924(c), but rather the Armed Career Criminal Act of 1984 ("ACCA"). The ACCA, 18 U.S.C. § 924(e)(1), sets forth a mandatory enhanced sentence for defendants who are convicted of being a felon in possession of a firearm or ammunition and have three or more previous convictions for a "violent felony or a serious drug offense." The term "violent felony" is defined as "any crime punishable by imprisonment for a term exceeding one year" that:

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, **or otherwise involves conduct that presents a serious potential risk of physical injury to another**; []

18 U.S.C. § 924(e)(2)(B) (emphasis added). Courts refer to subsection (ii) above as the "residual clause." The Supreme Court in *Johnson* held that the residual clause is unconstitutionally vague, explaining that it "produces more unpredictability and arbitrariness than the Due Process Clause tolerates." *Johnson*, 135 S.Ct. at 2558. The Supreme Court subsequently held that *Johnson* is to be applied retroactively to cases on collateral review. *Welch v. United States*, 136 S.Ct. 1257, 1268 (2016) ("*Johnson* announced a substantive rule that has retroactive effect in cases on collateral review.").

The Government moves to stay briefing on the Motion to Vacate pending (i) the Ninth Circuit Court of Appeals' decision in *United States v. Begay*, No. 3:13-cr-08073-NVW-1 (D. Ariz. Jan. 29, 2014), *appeal docketed*, No. 14-10080 (9th Cir. Feb. 20, 2014) and (ii) the U.S. Supreme Court's decision in *Dimaya v. Lynch*, 803 F.3d 1110 (9th Cir. 2015), *cert. granted*, 2016 WL 3232911 (U.S. Sept. 29, 2016) (No. 15-1498). (Doc. 4). Movant objects to the stay, asserting that because he has served his sentences on Counts 1 and 2, he would be entitled to immediate release if he successfully challenged his convictions on Counts 3 and 4. (Doc. 11 at 3). The Government did not file a Reply, but in its Motion to Stay, the Government asserts that "Petitioner's guidelines, even without the 120-month consecutive term for the § 924(c) convictions, would be 78-97 months'

imprisonment. . . . Petitioner will not have served 78 months by the time [*Begay* and *Dimaya*] are issued." (Doc. 4 at 11). As explained below, the Court does not find that judicial economy is best served in this case by delaying briefing until the decisions in *Dimaya* and *Begay* are issued.

**B. *Dimaya***

*Dimaya* involves the Immigration and Nationality Act ("INA"). Under the INA, 8 U.S.C. § 1227(a)(2)(A)(iii), a non-citizen is subject to removal if he or she is convicted of an "aggravated felony." The INA defines "aggravated felony" by listing a number of offenses. Included in that list is a "crime of violence (as defined in section 16 of Title 18 . . . .) for which the term of imprisonment [is] at least one year." 8 U.S.C. § 1101(a)(43)(F). The definition of "crime of violence" in 18 U.S.C. § 16 is almost identical to the definition of "crime of violence" in 18 U.S.C. § 924(c)(3). [2]

In *Dimaya*, the Ninth Circuit held that the Supreme Court's reasoning in *Johnson* "applies with equal force to the similar statutory language and identical mode of analysis used to define a crime of violence for purposes of the INA." The Ninth Circuit concluded that the residual clause set forth in "§ 16(b) is subject to identical unpredictability and arbitrariness as ACCA's residual clause . . . . As with ACCA's residual clause, the INA's crime of violence provision requires courts to inquire whether the conduct encompassed by the elements of the offense, in the ordinary case, presents a substantial risk of force." *Id*. at 1115-16 (internal quotations and citations omitted).

The Government asserts that "[a] stay in proceedings pending the outcome of *Dimaya* will give this Court clear guidance on how to resolve one of Defendant's claims,

---

[2] 18 U.S.C § 16 defines a "crime of violence" as:

(a) any offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

which will reduce the number of issues to be litigated and potentially appealed, thereby expediting the resolution of the case." (Doc. 10 at 1). However, *Dimaya* represents binding Ninth Circuit law. "[O]nce a federal circuit court issues a decision, the district courts within that circuit are bound to follow it and have no authority to await a ruling by the Supreme Court before applying the circuit court's decision as binding authority . . . ." *Yong v. I.N.S.*, 208 F.3d 1116, 1119 n.2 (9th Cir. 2000); *see also Hart v. Massanari*, 266 F.3d 1155, 1170 (9th Cir. 2001) ("Binding authority must be followed unless and until overruled by a body competent to do so."). Moreover, because *Dimaya* concerns the INA, not 18 U.S.C. § 924(c), it is not certain how much guidance the Supreme Court's decision in *Dimaya* will provide to the Court in resolving the Motion to Vacate. The Ninth Circuit in *Dimaya* stated that the "decision does not reach the constitutionality of applications of 18 U.S.C. § 16(b) outside of [the INA] . . . ." *Dimaya*, 803 F.3d at 1120 n.17; *see also United States v. Bell*, 158 F.Supp.3d 906, 922 (N.D. Cal. 2016) (in responding to challenge to the constitutionality of Section 924(c)(3)'s Residual Clause, "the government emphasize[d] that the Ninth Circuit explicitly cabined its holding [in *Dimaya*] to the particular application of the particular statute before it . . . .").

### C. *Begay*

*Begay* presents the question: "Must Mr. Begay's conviction . . . for discharging a firearm during and in relation to a crime of violence be reversed because second degree murder, which can be committed recklessly, is not a crime of violence under the statutory definition?" Opening Brief of Appellant at 2, *Begay*, No. 14-10080 (9th Cir. Feb. 20, 2014), ECF No. 23-1. Although the Ninth Circuit ordered the parties in *Begay* to brief the constitutionality of Section 924(c)'s Residual Clause in light of *Johnson* and *Dimaya*, it is not certain whether the Ninth Circuit will reach the issue in deciding the case. In his supplemental brief, Begay asserts that the constitutionality issue does not need to be reached because the "second degree murder conviction does not qualify as a crime of violence under the statutory language." Appellant's Supplemental Opening Brief at 7, *Begay*, No. 14-10080 (9th Cir. Feb. 20, 2014), ECF No. 59 (citing *Camreta v. Greene*,

563 U.S. 692, 705 (2011) (a "longstanding principle of judicial restraint requires that courts avoid reaching constitutional questions in advance of the necessity of deciding them")).

In this case, regardless of the Residual Clause's constitutionality, Movant's Section 924(c) convictions would be upheld if his predicate felonies (assault with a dangerous weapon and assault resulting in serious bodily injury) are "crimes of violence" under the Elements Clause. The following summarizes the methodology to be used in making that analysis.

The Ninth Circuit "has adopted a categorical approach to determining which offenses are included under section 924(c) as 'crimes of violence.'" *United States v. Amparo*, 68 F.3d 1222, 1224 (9th Cir. 1995); *United States v. Piccolo*, 441 F.3d 1084, 1086-87 (9th Cir. 2006) ("In the context of crime of violence determinations under section 924(c), our categorical approach applies regardless of whether we review a current or prior crime."). The categorical approach entails "mak[ing] a categorical comparison of the elements of the statute of conviction to the generic definition, and decid[ing] whether the conduct proscribed by the statute of conviction is broader than, and so does not categorically fall within, this generic definition." *Ruiz-Morales v. Ashcroft*, 361 F.3d 1219, 1221-22 (9th Cir. 2004). If the statute of conviction is over-inclusive, then the Court applies a modified categorical approach. *Id*. at 1222. "Under the modified categorical approach, [the Court] conduct[s] a limited examination of documents in the record to determine if there is sufficient evidence to conclude that a defendant was convicted of the elements of the generically defined crime even though his or her statute was facially over-inclusive." *Id*. (citation and internal quotation marks omitted).

In applying the categorical approach in this case, the Court would compare the elements of Movant's predicate offenses to the definition of a "crime of violence" set forth in the Elements Clause. If the range of conduct proscribed by the statutes of conviction (18 U.S.C. §§ 113(a)(3) and (6)) is broader than that envisioned by the

Elements Clause, then the Court would apply the modified categorical approach and examine the record. *See United States v. Kindelay*, No. CR 05-00271-PHX-NVW, 2007 WL 2410343, at *2 (D. Ariz. Aug. 21, 2007) (concluding that 18 U.S.C. § 113(a)(6) proscribes a range of conduct broader than envisioned by the elements clause in 18 U.S.C. § 16(a) and applying the modified categorical approach). Because *Begay* does not involve the same predicate offenses at issue in this case, the Court is not certain that the outcome in *Begay* would provide substantial guidance in making the Elements Clause analysis.[3]

## II. CONCLUSION

"[H]abeas proceedings implicate special considerations that place unique limits on a district court's authority to stay a case in the interests of judicial economy." *Yong*, 208 F.3d at 1119-20. "Special solicitude is required because the writ is intended to be a 'swift and imperative remedy in all cases of illegal restraint or confinement.'" *Id.* (quoting *Fay v. Noia*, 372 U.S. 391, 400 (1963)).

In considering the Government's Motion to Stay, the Court finds it significant that there is a possibility that Movant could be released with time-served if the Court vacated his Section 924(c) convictions. *See, e.g.*, *United States v. Carcamo*, No. CR 08-0730 WHA, 2016 WL 5897735, at *1 (denying stay "in light of the fact that defendant could possibly be sentenced to time served if his 2255 motion is granted"). Further, because the Motion to Vacate has not been briefed, it is not clear whether the Court would need to reach the issue as to the constitutionality of the Residual Clause. The Court may need to

---

[3] For instance, Begay's predicate offense of second degree murder requires proof that a defendant killed with malice aforethought. As the district judge in *Begay* instructed the jury, "[t]o kill with malice aforethought means to kill either deliberately and intentionally or <u>recklessly with extreme disregard for human life</u>." *Begay*, 3:13-cr-08073-NVW-1, Doc. 58 at 2-3. The offense of assault resulting in serious bodily injury does not require proof of malice aforethought, only a showing that the defendant committed the assault intentionally, knowingly, or recklessly (with no requirement that the recklessness be with extreme disregard for human life). The Superseding Indictment charged Movant with "intentionally, knowingly, **and** recklessly assault[ing] W.W., resulting in serious bodily injury." Case No. CR-08135-PCT-JAT, Doc. 36 at 2 (emphasis added). Movant's criminal judgment states that he is guilty of "Assault Resulting in Serious Bodily Injury . . . as charged in Count 2 of the Superseding Indictment . . . ." *Id.*, Doc. 116 at 1.

only analyze whether Movant's predicate offenses are "crimes of violence" under the Elements Clause.[4]  It is therefore not clear that judicial efficiency would be promoted by staying the proceedings. *See, e.g.*, *United States v. Abdul-Samad*, No. 10cr2792 WQH, 2016 WL 5118456 (S.D. Cal. Sept. 21, 2016) (finding the Government's requested limited stay pending *Begay* unnecessary in resolving defendant's challenge to his Section 924(c) conviction because the defendant's predicate offense (armed bank robbery) met the definition of "crime of violence" under the Elements Clause); *United States v. Sutton*, No. 2:11-CR-0151-WFN-1, 2016 WL 7042952, at *3 (E.D. Wash. April 26, 2016) ("Upon examination of the elements and statutory language defining, the Court concludes that Assault with a Dangerous Weapon has an element requiring the use, attempted use, or threatened use of physical force. Therefore, the constitutionality of the residual clause found at § 924(c)(1)(B) has no bearing on Defendant's sentence."); *United States v. Watson*, No. 14-00751-01 DKW, 2016 WL 866298, at *7 (D. Haw. March 2, 2016) ("Because the Court finds that the predicate crime at issue—violation of Section 2113(a) and (d)—is a crime of violence under the Section 924(c)(3)(A) force clause, the Court declines Petitioners' invitation and expresses no view on whether the statute qualifies as a crime of violence under the Section 924(c)(3)(B) residual clause.").

Based on the foregoing,

**IT IS ORDERED** denying the Government's "Motion to Stay Further Proceedings on the Motion to Vacate Sentence" (Doc. 4).

**IT IS FURTHER ORDERED** that the Government shall file its Response to the

---

[4] In its Motion (Doc. 4 at 12), the Government indicates that it intends to raise affirmative defenses relating to statute of limitations and the non-retroactivity of *Johnson*. However, "courts are empowered to, and in some cases should, reach the merits of habeas petitions" despite a procedural bar issue." *Franklin v. Johnson*, 290 F.3d 1223, 1232 (9th Cir. 2002); *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997) ("We do not mean to suggest that the procedural-bar issue must invariably be resolved first; only that it ordinarily should be. It is wasteful of both our resources and that of the litigants to remand to the district court a case in which that court improperly found a procedural bar, if the ultimate dismissal of the petition is a foregone conclusion.").

1  Motion to Vacate (Doc. 1) within fourteen days of the date of this Order.

2  Dated this 20th day of December, 2016.

Eileen S. Willett
United States Magistrate Judge