IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | No. CV-16-08131-PCT-JAT (ESW) |
|---|---|
| Plaintiff/Respondent, | CR-12-8135-PCT-JAT-1 |
| v. | **REPORT AND RECOMMENDATION** |
| Harry McCabe, Sr., | |
| Defendant/Movant. | |

**TO THE HONORABLE JAMES A. TEILBORG, SENIOR UNITED STATES DISTRICT JUDGE:**

Pending before the Court is Harry McCabe, Sr.'s ("Movant") "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (the "Motion to Vacate") (Doc. 1).[1]  The United States has filed a Limited Response (Doc. 18), to which Movant has replied (Doc. 23).  Supplemental briefing has also been filed.  (Docs. 24, 25).

On November 29, 2012, a jury found Movant guilty on the following four counts:

    i.    Count 1: CIR-Assault with a Dangerous Weapon, a class C felony offense, in violation of 18 U.S.C. § 113(a)(3);

    ii.    Count 2: CIR-Assault Resulting in Serious Bodily Injury, a class C felony offense, in violation of 18 U.S.C. § 113(a)(6); and

---

[1] Citations to "Doc." are to the docket in CV 16-8131-PCT-JAT (ESW).  Citations to "CR Doc." are to the docket in the underlying criminal case, CR-12-8135-PCT-JAT .

iii.    Counts 3 and 4: CIR-Use of a Firearm in a Crime of Violence, class A felony offenses, in violation of 18 U.S.C. § 924(c)(1)(A)(iii).

(CR Doc. 99).  The Court sentenced Movant to (i) concurrent 46-month prison terms on Counts 1 and 2 and (ii) concurrent 120-month prison terms on Counts 3 and 4.  (CR Doc. 116).  The sentences on Counts 3 and 4 are to run consecutively to the sentences on Counts 1 and 2.  (*Id.*).

In October 2014, the Ninth Circuit affirmed Movant's convictions and sentences. (CR Doc. 140).  The U.S. Supreme Court denied certiorari review.  Movant filed the Motion to Vacate (Doc. 1) on June 22, 2016.  Movant challenges the constitutionality of his convictions on Counts 3 and 4 (use of a firearm in a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(iii)).

For the reasons explained herein, it is recommended that the Court dismiss Movant's challenge to his conviction on Count 3 on the ground that it is procedurally defaulted without excuse.  It is further recommended that the Court stay resolution of Movant's challenge to his conviction on Count 4 pending the (i) the Ninth Circuit Court of Appeals' decision in *United States v. Begay*, No. 3:13-cr-08073-NVW-1 (D. Ariz. Jan. 29, 2014), *appeal docketed*, No. 14-10080 (9th Cir. Feb. 20, 2014) and (ii) the U.S. Supreme Court's decision in *Sessions v. Dimaya*, 803 F.3d 1110 (9th Cir. 2015), *cert. granted*, 2016 WL 3232911 (U.S. Sept. 29, 2016) (No. 15-1498).

## I.  DISCUSSION

### A.  Convictions Under 18 U.S.C. § 924(c)

18 U.S.C. § 924(c) is a sentencing enhancement provision that sets forth mandatory sentences for defendants who "during and in relation to any crime of violence or drug trafficking crime . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm . . . ."  The term "crime of violence" is defined as:

> an offense that is a felony and –
>
> > (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> >
> > (B) that by its nature, involves a substantial risk that

> physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3).  Subsection "(A)" above is referred to herein as the "Force Clause."[2]  Subsection "(B)" above is referred to herein as the "Residual Clause."

Movant's Section 924(c) convictions are predicated on the crimes of assault with a dangerous weapon (18 U.S.C. § 113(a)(3)) and assault resulting in serious bodily injury (18 U.S.C. § 113(a)(6)).  Movant contends that those crimes do not satisfy the definition of "crime of violence" under the Force Clause.  (Doc. 1 at 4-5).  Citing to *Johnson v. United States*, 135 S.Ct. 2551 (2015) ("*Johnson II*"), Movant further contends that the Residual Clause is unconstitutionally vague and cannot be used to support his Section 924(c) convictions. (*Id.*).

Johnson II did not involve Section 924(c), but rather the Armed Career Criminal Act of 1984 ("ACCA").  The ACCA, 18 U.S.C. § 924(e)(1), sets forth a mandatory enhanced sentence for defendants who are convicted of being a felon in possession of a firearm or ammunition and have three or more previous convictions for a "violent felony or a serious drug offense."  The term "violent felony" is defined as "any crime punishable by imprisonment for a term exceeding one year" that:

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, **or otherwise involves conduct that presents a serious potential risk of physical injury to another**; []

18 U.S.C. § 924(e)(2)(B) (emphasis added).  Courts refer to subsection (ii) above as the "residual clause."  The Supreme Court in *Johnson II* held that the residual clause is unconstitutionally vague, explaining that it "produces more unpredictability and arbitrariness than the Due Process Clause tolerates." *Johnson II*, 135 S.Ct. at 2558.  The Supreme Court subsequently held that *Johnson II* is to be applied retroactively to cases

---

[2] Courts and parties also sometimes refer to subsection "A" of 18 U.S.C. § 924(c)(3) as the "force clause."

on collateral review.   *Welch v. United States*, 136 S.Ct. 1257, 1268 (2016) ("*Johnson* announced a substantive rule that has retroactive effect in cases on collateral review.").

In this case, regardless of the Residual Clause's constitutionality, Movant's Section 924(c) convictions would be upheld if his predicate felonies (assault with a dangerous weapon and assault resulting in serious bodily injury) are "crimes of violence" under the Force Clause.   The following summarizes the methodology to be used in making that analysis.

The Ninth Circuit "has adopted a categorical approach to determining which offenses are included under section 924(c) as 'crimes of violence.'"   *United States v. Amparo*, 68 F.3d 1222, 1224 (9th Cir. 1995); *United States v. Piccolo*, 441 F.3d 1084, 1086-87 (9th Cir. 2006) ("In the context of crime of violence determinations under section 924(c), our categorical approach applies regardless of whether we review a current or prior crime.").   The categorical approach entails "mak[ing] a categorical comparison of the elements of the statute of conviction to the generic definition, and decid[ing] whether the conduct proscribed by the statute of conviction is broader than, and so does not categorically fall within, this generic definition."   *Ruiz-Morales v. Ashcroft*, 361 F.3d 1219, 1221-22 (9th Cir. 2004).   If the statute of conviction is over-inclusive, then the Court applies a modified categorical approach.   *Id*. at 1222.   "Under the modified categorical approach, [the Court] conduct[s] a limited examination of documents in the record to determine if there is sufficient evidence to conclude that a defendant was convicted of the elements of the generically defined crime even though his or her statute was facially over-inclusive."   *Id*.   (citation and internal quotation marks omitted).

**B. Movant's Challenge to Count 3 (Section 924(c) Conviction Predicated on Assault with a Dangerous Weapon in violation of 18 U.S.C. § 113(a)(3))**

**1.  Statute of Limitations**

A one-year statute of limitations applies to motions filed under 28 U.S.C. § 2255.  Section 2255(f) provides that the one-year limitations period runs from the latest

of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4). Satisfying the statute of limitations is not a jurisdictional prerequisite to filing a motion under 28 U.S.C. § 2255. *Pough v. United States*, 442 F.3d 959, 965 (6th Cir. 2006) ("[T]he one-year statute of limitations for filing a motion under § 2255 is not jurisdictional.").

The Government argues that the Motion to Vacate should be denied as untimely. (Doc. 18 at 6-13). The parties dispute the date on which the statute of limitations began to run. Relying on Section 2255(f)(1), the Government asserts that the Motion to Vacate is untimely as it was filed more than one year after the date Movant's convictions became final. (Doc. 18 at 7). Asserting that Section 2255(f)(3) applies instead, Movant argues that the Motion to Vacate is timely as it was filed within one year of *Johnson II*. (Doc. 23 at 6). The Court, however, does not need to resolve the dispute as the following discussion explains that Movant's challenge to Count 3 is procedurally defaulted.[3] *See Aron v. United States,* 291 F.3d 708, 718 (11th Cir. 2002) ("[A] district

---

[3] One district court addressing the issue concluded that a "defendant may not avail himself of § 2255(f)(3), because the Supreme Court in *Johnson* did not announce a new rule with respect to the residual clause of § 924(c)." *United States v. Jimenez-Segura*, 206 F.Supp.3d 1115, 1126 (E.D. Va. 2016); *see also United States v. Terrell*, No. 2:11-CR-0196-LRS-1, 2016 WL 6582993, at *7 (E.D. Wash. Nov. 4, 2016) (stating that the "'crime of violence' definition under the Guidelines, does not fall under § 2255(f)(3),

court is not required to rule on whether an asserted statute of limitations bar applies if the § 2255 motion may be denied on other grounds."); *Sigouin v. United States*, Civ. No. 08–00323 JMS/KSC, 2008 WL 4862515, at *3 (D. Haw. Nov. 10, 2008) ("In light of the court's holding that Sigouin's claims lack merit or are procedurally barred, and because § 2255's time limit is not jurisdictional, the court does not reach the government's argument that Sigouin's motion was filed outside of § 2255's one-year time limit.").

### 2. Procedural Default

"A § 2255 movant procedurally defaults his claims by not raising them on direct appeal and not showing cause and prejudice or actual innocence in response to the default." *United States v. Ratigan*, 351 F.3d 957 (citing *Bousley v. U.S.*, 523 U.S. 614, 622 (1998)).  It is undisputed that Movant did not challenge on direct appeal the Court's determination that his assault with a dangerous weapon conviction qualifies as a crime of violence. (Doc. 18 at 13; Doc. 23).  The issue is whether the procedural default should be excused under the cause and prejudice or actual innocence exceptions.

To establish the prejudice prong of the cause and prejudice exception, Movant must "demonstrate[e] 'not merely that the errors . . . [in the proceedings] created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire [proceedings] with error of constitutional dimensions.'" *United States  v. Braswell*, 501 F.3d 1147, 1150 (9th Cir. 2007).  As discussed below, the undersigned finds that Movant has failed to satisfy the prejudice prong as assault with a dangerous weapon is a crime of violence under the Force Clause.

Movant cites *Johnson v. United States*, 559 U.S. 133 (2010) ("*Johnson I*") in arguing that assault with a dangerous weapon is not a crime of violence under the Force Clause.  *Johnson I* involved the "force" clause set forth in the ACCA, 18 U.S.C. § 924(e)(2)(B)(i).  Section 924(e)(2)(B)(i) defines "violent felony" in part as an offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another."  The Supreme Court in *Johnson I* clarified that "physical force,"

because the substantive rule announced in *Johnson* did not cover the Guidelines").

as used in § 924(e)(2), "means *violent* force—that is, force capable of causing physical pain or injury to another person." *Id.* at 140. The undersigned will assume without deciding that *Johnson I*'s definition of "physical force" applies to the Force Clause of § 926(c)(3)(A). Therefore, in order to qualify as a crime of violence under the Force Clause, assault with a dangerous weapon must require the use, attempted use, or threatened use of violent physical force.

In arguing that assault with a dangerous weapon does not qualify as a crime of violence under the Force Clause, Movant asserts that it "can be committed without the use or threatened use of violent force, because inflicting or threatening to inflict injury does not categorically require the use of violent physical force." (Doc. 1 at 4). Yet Supreme Court precedent requires the presentation of a "realistic probability, not a theoretical possibility" that assault with a dangerous weapon could be sustained without demonstrating that the defendant intentionally used or threatened to use violent force. *See Moncrieffe v. Holder*, 569 U.S. 184, 189-91 (2013).

A conviction for assault with a dangerous weapon pursuant to 18 U.S.C. § 113(a)(3) "requires the government to show that a defendant assaulted a victim with a dangerous weapon with intent to inflict bodily harm and reasonably caused the victim to fear immediate bodily harm." *United States v. Sutton*, 695 F. App'x 330, 331 (9th Cir. 2017). Section 113(a)(3) "involves violent force because it proscribes common law assault with a dangerous weapon, not simple common law assault." *United States v. Verwiebe*, 874 F.3d 258, 261 (6th Cir. 2017). The Ninth Circuit has "repeatedly found that threats involving deadly weapons qualify as crimes of violence." *United States v. Calvillo-Palacios*, 860 F.3d 1285, 1288 (9th Cir. 2017). In *Sutton*, 695 F. App'x at 331, the Ninth Circuit held that "all culpable conduct criminalized under § 113(a)(3) requires the use, attempted use, or threatened use of violent force."

The undersigned does not find that there is a realistic probability that an individual who had not used, attempted, or threatened "force capable of causing physical pain or injury to another person" would be convicted of assault with a dangerous weapon in

violation of 18 U.S.C. § 113(a)(3).  *Johnson I*, 559 U.S. at 140.  Assuming *Johnson I* applies to this case, the undersigned concludes that assault with a dangerous weapon includes the necessary violent physical force element in order to qualify as a crime of violence under the Force Clause of § 924(c)(3)(A).  *See, e.g., Sutton*, 695 F. App'x at 331; *United States v. Blatchford*, No. CR-16-08085-001-PCT-GMS, 2017 WL 2480703, at *2 (D. Ariz. June 7, 2017) ("Assault with a dangerous weapon is a crime of violence."); *United States v. Juvenile Female*, 566 F.3d 943, 947–48 (9th Cir. 2009) (stating that a defendant charged with assault with a deadly or a dangerous weapon, "must have always 'threatened [the] use of physical force'") (quoting 18 U.S.C. § 16(a)).  Accordingly, the undersigned finds that Movant has failed to establish the prejudice prong of the cause and prejudice exception.[4]  As assault with a dangerous weapon is a crime of violence under the Force Clause, Movant's actual innocence claim fails as to Count 3.  The undersigned recommends that the Court dismiss Movant's claim challenging his conviction on Count 3.

### C. Movant's Challenge to Count 4 (Section 924(c) Conviction Predicated on Assault Resulting in Serious Bodily Injury in violation of 18 U.S.C. § 113(a)(6))

Before responding to the Motion to Vacate, the Government moved to stay this matter pending the opinions in *Begay* and *Dimaya*.  (Doc. 4). The undersigned denied the Motion to Vacate, finding it significant that there is a possibility that Movant could be released with time-served if the Court vacated both of his Section 924(c) convictions.  (Doc. 12 at 7).  The undersigned also noted that because the Motion to Vacate had not

---

[4] As Movant has not satisfied the prejudice prong, the Court need not address the cause prong of the cause and prejudice exception.  *See United States v. Dale*, 140 F.3d 1054, 1056 (D.C. Cir. 1998) (declining to decide whether defendant established cause for his procedural default where the Defendant did not satisfy the prejudice prong).  It is noted that cause may be shown when a claim is "novel."  *See Reed v. Ross*, 468 U.S. 1, 15 (1984).  A claim can be considered novel where a Supreme Court decision: (1) "explicitly overrule[s] one of [the Court's] precedents"; (2) "'may overtur[n] a longstanding and widespread practice to which th[e] Court has not spoken, but which a near-unanimous body of lower court authority has expressly approved"; or (3) when the Court "disapprove[s] a practice th[e] Court arguably has sanctioned in prior cases."  *Id.* at 17 (internal quotation marks and citation omitted).

been briefed, it was not clear whether the Court would need examine the Residual Clause's constitutionality as it is possible that Movant's predicate offenses are "crimes of violence" under the Force Clause.  (*Id.*).  The District Judge affirmed the Order upon appeal by the Government.  (Docs. 13, 17).  For the following reasons, the undersigned recommends that the Court stay resolution of Movant's challenge to his conviction on Count 4 pending the decisions in *Begay* and *Dimaya*.

Movant's conviction on Count 4 is predicated on assault resulting in serious bodily injury, which may be committed recklessly.  In *Fernandez-Ruiz v. Gonzales*, 466 F.3d 1121, 1130 (9th Cir. 2006) (en banc), the Ninth Circuit concluded that a reckless offense cannot constitute a "crime of violence" under 18 U.S.C. § 16(a).  However, in 2016, the Supreme Court held in *Voisine v. United States*, 136 S.Ct. 2272, 2279-80, 2282 (2016) that reckless conduct can constitute a crime of violence for purposes of 18 U.S.C. § 921(a)(33)(A) (misdemeanor crime of violence).

Prior circuit court cases may be "effectively overruled" if intervening Supreme Court authority has "undercut the theory or reasoning underlying the prior circuit precedent in such a way that the cases are clearly irreconcilable." *Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc).  The Ninth Circuit has acknowledged that there may be "tension" between the holdings of *Voisine* and *Fernandez-Ruiz*.  *United States v. Benally*, 843 F.3d 350, 354 (9th Cir. 2016).  However, the effect of the holding in *Voisine* on Ninth Circuit precedent is not clear.  *See, e.g.*, *Cornejo-Villagrana v. Sessions*, 870 F.3d 1099, 1103 (9th Cir. 2017) (continuing to apply *Fernandez-Ruiz*, but noting that *Voisine* held that "a person who assaults another recklessly 'uses' force no less than one who carries out that same action intentionally"); *United States v. Lewis*, ---F.Supp.3d----, 2018 WL 340041, at *5 (D. Or. Jan. 9, 2018) (concluding "that the Ninth Circuit's prior decisions concerning reckless offenses are not 'clearly irreconcilable' with *Voisine*"); *United States v. Mutee*, No. CV-16-01583-PHX-SRB, 2017 WL 923203, at *3 (D. Ariz. March 8, 2017) (sustaining objection to Magistrate Judge's Report and Recommendation that found that *Voisine* "implicitly overruled" Ninth Circuit precedent); *Blatchford*, 2017

WL 2480703, at *2 (holding that assault resulting in bodily injury is a crime of violence and citing *Voisine*). The Ninth Circuit's forthcoming decision in *Begay* may provide guidance as to the extent that crimes requiring a mental state of recklessness may qualify as crimes of violence under the Force Clause.[5]

In addition, the decisions in *Begay* and *Dimaya* may provide guidance as to whether Section 924(c)'s Residual Clause is unconstitutionally vague. Courts are currently divided as to whether the Residual Clause is unconstitutionally vague. *See United States v. Lasich*, No. 3:02-cr-00305-BR, 2017 WL 6542791, at *4 (D. Or. Dec. 21, 2017) (collecting appellate cases from Second, Fifth, Sixth, Eighth, and Eleventh Circuits, as well as district court cases in the Ninth Circuit and other circuits).

Given the recommendation that Movant's conviction on Count 3 should be sustained and the lack of settled case law regarding whether Movant's assault resulting in serious bodily injury conviction qualifies as a crime of violence, the undersigned recommends that the Court stay resolution of Movant's challenge to his conviction on Count 4 pending the decisions in *Begay* and *Dimaya.* The undersigned finds that this stay is in the interests of judicial economy. Further, as Movant is serving concurrent sentences on Counts 3 and 4, the undersigned further finds that Movant will not be prejudiced by the stay.

## II. CONCLUSION

Based on the foregoing,

**IT IS RECOMMENDED** that the Court dismiss Movant's challenge to his conviction on Count 3.

**IT IS FURTHER RECOMMENDED** that the Court stay resolution of Movant's challenge to his conviction on Count 4 pending the Ninth Circuit's decision in *Begay* and the Supreme Court's decision in *Dimaya*.

---

[5] *Begay* presents the question: "Must Mr. Begay's conviction . . . for discharging a firearm during and in relation to a crime of violence be reversed because second degree murder, which can be committed recklessly, is not a crime of violence under the statutory definition?" Opening Brief of Appellant at 2, *Begay*, No. 14-10080 (9th Cir. Feb. 20, 2014), ECF No. 23-1.

**IT IS FURTHER RECOMMENDED** that the Court order the Government to file a Supplemental Response to the Motion to Vacate within thirty days from the date that both decisions in *Begay* and *Dimaya* have been issued.  It is also recommended that the Court allow Movant to file a Supplemental Reply within seven days from the date of service of the Government's Supplemental Response.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.  The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72.  Thereafter, the parties have fourteen days within which to file a response to the objections. Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review.  Failure to file timely objections to any factual determinations of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.  *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

Dated this 30th day of January, 2018.

_____
Eileen S. Willett
United States Magistrate Judge