**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Harry McCabe, Sr.,<br><br>　　　　Movant/Defendant,<br><br>v.<br><br>USA,<br><br>　　　　Respondent/Plaintiff. | No. CV-16-08131-PCT-JAT (ESW)<br>CR-12-8135-PCT-JAT-1<br><br>**ORDER** |

Pending before the Court is Movant's Motion to Vacate, Set Aside or Correct Sentence ("Motion"). Movant was convicted of four Counts in 2013. (Doc. 1 at 1). In his Motion, Movant challenges his conviction on two of the four Counts. (Doc. 1 at 3; Doc. 26 at 2). Specifically, Movant challenges his convictions on Counts 3 and 4. (Doc. 26 at 2).

On February 9, 2022, the Magistrate Judge to whom this case was assigned issued a Report and Recommendation ("R&R") recommending that this Court deny relief on Count 3, and grant relief on Count 4. (Doc. 56). Specifically, the R&R recommends,

> **IT IS RECOMMENDED** that the Court grant in part and dismiss in part Movant's "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (Doc. 1) as set forth herein.
> **IT IS FURTHER RECOMMENDED** that the Court dismiss Movant's challenge to his conviction on Count 3.
> **IT IS FURTHER [RECOMMENDED]** that the Court (i) vacate the portion of the Court's March 5, 2013 Judgment (CR Doc. 116) convicting Movant of Count 4 (Use of a Firearm in a Crime of Violence in violation of 18 U.S.C. § 924(c) predicated on the conviction of assault resulting in serious bodily injury in Count 2); (ii) hold a resentencing hearing on Counts 1, 2, and 3; and (iii) direct the Probation Department to prepare an updated

presence investigation report prior to the resentencing hearing. (*Id*. at 7-8).

The deadline to file objections to the R&R has run and neither party has filed objections. This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). It is "clear that the district judge must review the magistrate judge's findings and recommendations *de novo if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*) (emphasis in original); *Schmidt v. Johnstone*, 263 F.Supp.2d 1219, 1226 (D. Ariz. 2003) ("Following *Reyna-Tapia*, this Court concludes that *de novo* review of factual and legal issues is required if objections are made, 'but not otherwise.'"); *Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgmt.*, 589 F.3d 1027, 1032 (9th Cir. 2009) (the district court "must review de novo the portions of the [Magistrate Judge's] recommendations to which the parties object."). District courts are not required to conduct "any review at all . . . *of any issue* that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985) (emphasis added); *see also* 28 U.S.C. § 636(b)(1) ("the court shall make a *de novo* determination of those portions of the [report and recommendation] to which objection is made."). Thus, the Court will accept the R&R because no party objected.

Movant received a sentence of: "(i) concurrent 46-month prison terms on Counts 1 and 2 and (ii) concurrent 120-month prison terms on Counts 3 and 4. The § 924(c) sentences on Counts 3 and 4 are to run consecutively to the sentences on Counts 1 and 2." (Doc. 56 at 2) (internal citations omitted). Thus, once Movant's sentence on Count 4 is vacated, Movant could still receive the exact same sentence. The R&R does not specify why it recommends resentencing on these facts. Nonetheless the Court has discretion to conduct a resentencing. *See United States v. Christensen*, 828 F.3d 763, 821 (9th Cir. 2015) ("When a defendant is sentenced on multiple counts and one of them is later vacated on appeal, the sentencing package becomes 'unbundled.' The district court then has the authority 'to put together a new package reflecting its considered judgment as to the

punishment the defendant deserve[d] for the crimes of which he [wa]s still convicted.'" (citation omitted, alterations in original)). Thus, because no party objected, and because the Court has the discretion to do so, the Court will hold a resentencing.

Pursuant to Rule 11 of the Rules Governing Section 2255 case, this Court must issue or deny a certificate of appealability when the Court enters a final order adverse to the applicant. Because the Court will accept the R&R, this Order will be adverse to Movant as to Court 3. The R&R does not decide the Government's argument that Movant's challenge to Count 3 is untimely. (Doc. 56 at 5). Nor does the R&R opine on whether the resentencing will restart the statute of limitations to challenge Count 3. Instead, the R&R finds that Movant's challenge to Count 3 is procedurally defaulted because he did not raise this issue on direct appeal. (Doc. 56 at 5-6). The R&R then finds that Movant cannot show cause and prejudice or actual innocence to overcome this procedural default because under current controlling Ninth Circuit law, Count 3 fails on the merits. (Doc. 56 at 6-7). This Court has reviewed the reasoning of the R&R as to Count 3 and determines that jurists of reason would not find it debatable whether Movant states a valid claim of the denial of a constitutional right and that jurists of reason would not find it debatable whether this Court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Accordingly, a certificate of appealability as to Count 3 is denied. (This Court make no finding regarding whether Movant could file a new direct appeal on Count 3 following resentencing.)

Based on the foregoing,

**IT IS ORDERED** that the Report and Recommendation (Doc. 56 in CV-16-08131-PCT-JAT) is accepted. The Motion to Vacate, Set Aside or Correct Sentence (Doc. 1 in CV-16-08131-PCT-JAT; Doc. 141 in CR 12-8135-PCT-JAT) is granted in part and denied in part. Specifically, relief is granted as to Count 4 and denied as to Count 3.

**IT IS FURTHER ORDERED** that, in CR 12-8135-PCT-JAT resentencing is set for May 25, 2022, at 3:00 p.m. at 401 W. Washington Street, Phoenix, Arizona, Courtroom 503.

**IT IS FURTHER ORDERED** that the Probation Department is directed to prepare an updated presentence investigation report.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall file a copy of this Order in both case numbers listed above. The Clerk of the Court shall enter judgment in CV 16-8131-PCT-JAT consistent with this Order reflecting the Motion to Vacate, Set Aside or Correct Sentence (Doc. 1) was partial granted and partially denied. A new judgment will enter in CR 12-8135-PCT-JAT following resentencing.

**IT IS FURTHER ORDERED** that a certificate of appealability is denied as to the portion of the Motion on which this Court issued a decision adverse to the Movant.

Dated this 8th day of March, 2022.

James A. Teilborg
Senior United States District Judge

cc: Probation